**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4127**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOEMAZ DEMOND BLUE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00407-WO-1)

Submitted:  September 22, 2020                    Decided:  September 24, 2020

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.  Meredith Christine Ruggles, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toemaz Blue pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The district court sentenced Blue to 151 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Blue's sentence is reasonable. Although advised of his right to file a pro se brief, Blue has not done so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Blue's plea agreement. We affirm in part and dismiss in part.

Where, as here, the Government seeks to enforce the appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Blue does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable and that the court did not plainly err in accepting Blue's guilty plea. *See United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Moreover, Blue's challenge to the reasonableness of his sentence falls within the waiver's scope.

In accordance with *Anders*, we have reviewed the record and have found no meritorious grounds for appeal that fall outside the scope of the waiver. Accordingly, we grant in part the Government's motion to dismiss and dismiss Blue's appeal of his sentence,

2

and we affirm the district court's judgment in all other respects. This court requires that counsel inform Blue, in writing, of the right to petition the Supreme Court of the United States for further review. If Blue requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blue.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*